**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| JENNIFER M. OLSON,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>ARROW FINANCIAL SERVICES, LLC, LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP<br><br>　　　　DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Jennifer M. Olson ("Plaintiff" or "Olson") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Arrow Financial Services, LLC (hereinafter "Defendant" or "Arrow"), LVNV Funding, LLC (hereinafter "Defendant" or "LVNV"), and Resurgent Capital Services, LP (hereinafter "Defendant" or "Resurgent" alleges as follows:

## I.　　INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.　　JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Jennifer M. Olson, is a natural person residing in Des Moines, Iowa.

4. Defendant, Arrow, LVNV, and Resurgent are businesses engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Each Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to GE Money Bank, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to each Defendant for collection.

9. Each Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV. FACTUAL ALLEGATIONS

10. On February 13, 2006, the Plaintiff applied for and was approved for a line of credit through GE Money Bank for the purposes of financing the purchase of a furnace.

11. The Plaintiff executed an agreement with GE Money Bank (account ending in 8804) on February 13, 2006 to repay an amount financed in the amount of $4,473.00 at an interest rate of 5.9 percent.

12. At some point in time the Plaintiff defaulted on her payments. The Plaintiff received correspondence from GE Money Bank dated February 03, 2008 advising the Plaintiff that her account had been charged off and that the account balance at the time of charge-off was $5,476.72.

13. In March, 2008, the account was sold to Arrow Financial Services, LLC, for collection. Arrow Financial Services, LLC. hired Alliance One Receivables Management, Inc. to service payments on the account.

14. The Plaintiff made a payment to Alliance One in the amount of $100.00 in March, 2008.

15. In May, 2008, the Plaintiff contracted for debt consolidation/debt management services with Consumer Credit of Des Moines. Through that program, the Plaintiff made two payments to Alliance One each in the amount of $170.00; one payment in June, 2008 and July, 2008.

16. During approximately August, 2008, the account was then assigned by Arrow Financial Services US, Inc. to Astra Business Services for collection.

17. The Plaintiff lost track of the account and ceased making payments until approximately April, 2009, when the account was then assigned by Arrow Financial Services, LLC to National Enterprise Systems, Inc., for collection.

18. During April, 2009, the Plaintiff again contracted for debt consolidation/debt management services with Consumer Credit of Des Moines.

19. Consumer Credit of Des Moines sent a proposal letter to National Enterprise setting forth the monthly payments to be made by the consumer. It is customary that the agreement between Consumer Credit and the creditor sets forth that the consumer will make consecutive payments at no interest until the balance is paid in full and is then settled and closed.

20. National Enterprise, servicing payments on behalf of Arrow, began accepting the Plaintiff's payments from Consumer Credit in May, 2009.

21. During approximately May, 2009, when the Plaintiff began making payments through Consumer Credit to National Enterprise, the balance on the account was $6,687.38.

22. In July, 2009, Arrow began accepting the payments from Consumer Credit on their own behalf. Consumer Credit sent the same proposal to Arrow as they did with National Enterprise. Arrow began accepting payments from Consumer Credit.

23. The Plaintiff made the following scheduled payments to Arrow through Consumer Credit on the account as follows: from May, 2009 through September, 2010, monthly payments in the amount of $100.00; a payment of $491.00 on October 15, 2010; a payment of $100.00 on November 15, 2010; a payment of $298.77 on December 15, 2010; a payment of $491.00 on January 17, 2011; a payment of $491.00 on February 15, 2011; from March, 2011 through August, 2011, monthly payments in the amount of $$261.00; a payment of $603.00 on September 15, 2011; and the last payment in the amount of $603.00 which took place on October 17, 2011.

24. The Plaintiff made consecutive payments as referenced above, which totaled $6,243.77.

25. Based on the balance in May, 2009 to October, 2011, and the agreed upon payments made through Consumer Credit to Arrow Financial Services, LLC; the Plaintiff should have had one remaining additional payment before the account was settled, paid and closed.

26. Notwithstanding the Plaintiff's consecutive and faithful payments, Arrow Financial Services, LLC sold the account to LVNV Funding in October, 2011, alleging a balance owed in the amount of $3,394.90.

27. As a result of the above-referenced communications and actions of the Defendants, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, stress, anger, fear, loss of sleep and anxiety.

### V.   FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

28. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

29. The Fair Debt Collection Practices Act measures a debt collector's behavior according to an objective "least sophisticated debtor" standard which "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd….the ignorant, the unthinking, and the credulous." *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

30. Arrow Financial Services, LLC, LVNV Funding, LLC, and Resurgent Capital Services, LP and their agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:
   a. The Defendant violated 15 U.S.C. § 1692e(2)(a) through the false representation of the character, amount, or legal status of a debt.
   b. The Defendant violated 15 U.S.C. § 1692e(10) through the use of a false representation or deceptive means to collect or attempt to collect any debt.

    c. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

    d. The Defendant violated 15 U.S.C. § 1692f(1) through the collection or attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. The Plaintiff is entitled to statutory damages up to $1,000.00 for each Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

32. The Plaintiff is entitled to actual damages for each Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

33. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for each Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

34. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

35. Arrow Financial Services, LLC, LVNV Funding, LLC, and Resurgent Capital Services, LP and their agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(2)(a); 1692e(10); 1692f; and 1692f(1).

    b. The Defendant violated Iowa Code § 537.7103(4)(e) through a misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

    c. The Defendant violated Iowa Code § 537.7103(5)(d) through the collection of or the attempt to collect interest or other charge, fee or expense incidental to the principal obligation unless the interest or incidental

charge, fee, or expense is expressly authorized by the agreement creating the obligation and is legally chargeable to the debtor. Or is otherwise legally chargeable.

36. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for each Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

37. The Plaintiff is entitled to actual damages for each Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

38. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for each Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendants Arrow Financial Services, LLC, LVNV Funding, LLC, and Resurgent Capital Services, LP, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF